IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
OCT - 2 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT  24-mj-216-SBP |
| Plaintiff, | ) | |
| | ) | 5:24 CR 00372 |
| v. | ) | |
| | ) | CASE NO. |
| SEDALE L. JACKSON, | ) | Title 21, United States Code, |
| KENDRA R. PAYNE, | ) | Sections 841(a)(1), (b)(1)(A), |
| STEPHEN A. REDD, | ) | (b)(1)(B), (b)(1)(C) and 846 |
| JARMANE L. KING, | ) | |
| ONEISHA P. PORTERFIELD, | ) | JUDGE POLSTER |
| ARRION Z. MOTLEY, | ) | |
| | ) | |
| Defendants. | ) | |

COUNT 1
(Conspiracy to Possess with Intent to Distribute a Controlled Substance, 21 U.S.C. § 846)

The Grand Jury charges:

1. From on or about November 24, 2021, to on or about February 8, 2022, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants, SEDALE L. JACKSON, KENDRA R. PAYNE, STEPHEN A. REDD, JARMANE L. KING, ONEISHA P. PORTERFIELD, ARRION Z. MOTLEY, and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree together and with others known and unknown to the grand jury to possess with the intent to distribute and to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. As to Defendant JACKSON, he conspired to distribute and possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). As to Defendants REDD and KING, they conspired to

distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). As to Defendants PAYNE, MOTLEY and PORTERFIELD, they conspired to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

All in violation of Title 21, United States Code, Section 846,

### **MANNER AND MEANS OF THE CONSPIRACY**

2. It was part of the conspiracy that:

   a. SEDALE L. JACKSON led a Drug Trafficking Organization (hereinafter referred to as the JACKSON DTO) and supplied fentanyl to members of the DTO in the Northern District of Ohio.

   b. KENDRA R. PAYNE acquired round blue pills that were pressed with a mixture and substance containing a detectable amount of fentanyl in Arizona and distribute them, or cause them to be distributed to, REDD, KING, PORTERFIELD and MOTLEY.

   c. KENDRA R. PAYNE and STEPHEN A. REDD packaged and caused to be packaged, quantities of round blue pills that were pressed with a mixture and substance containing a detectable amount of fentanyl. They also mailed, and caused to be mailed, the packages to KING, PORTERFIELD and MOTLEY in the Northern District of Ohio through the United States Postal Service ("USPS").

   d. KING, PORTERFIELD and MOTLEY redistributed the fentanyl pills to customers in the Northern District of Ohio at JACKSON'S direction.

## ACTS IN FURTHERANCE

### "Parcel 1"

3.     On or about November 24, 2021, REDD packaged approximately 307.3 grams of fentanyl pills and mailed it (hereinafter "Parcel 1") to MOTLEY in Akron, Ohio.

4.     On or about November 29, 2021, REDD tracked the shipping progress of "Parcel 1" by accessing a USPS website.

5.     On or about December 14, 2021, PAYNE tracked the shipping progress of "Parcel 1" by accessing a USPS website.

6.     Between on or about November 27, 2021, and December 13, 2021, MOTLEY tracked the shipping progress of "Parcel 1" by accessing a USPS website approximately 32 times.

7.     Between on or about November 24, 2021, and December 15, 2021, KING tracked the shipping progress of "Parcel 1" by accessing a USPS website approximately 121 times.

### "Parcel 2"

8.     On or about December 6, 2021, at approximately 2:25 p.m. JACKSON called MOTLEY. After several minutes of conversation, JACKSON asked MOTLEY to three-way call PAYNE. During the three-way call, PAYNE said, "Okay okay I can wait for you, but all I say...what about me? Can I send out my shit? Cuz I can't keep waiting, I mean you can wait, but I need it." JACKSON responded, "[unintelligible] That's cool, that's cool you just gotta um..." PAYNE then asked, "You say that's cool or cold?" JACKSON clarified, "I say that's cool. What you got" PAYNE responded, "Well I just need to know when I can send, I don't got nothing yet, but I'ma work my hand and I'm gonna get like, shit I'm gonna do probably 1,000, ain't going to be too much underneath that." JACKSON then asked, "[unintelligible] Going to

3

want 5 a pop [$5.00 per pill] for them ain't you?" Later in the conversation, PAYNE asked, "So when I get it, I could…I could get an address like?" JACKSON replied, "Yeah [unintelligible] figure everything out." In response, PAYNE sighed and stated, "Here we go, figuring s--t out. Didn't we just have something figured out already?"

9. On or about December 11, 2021, PAYNE mailed approximately 108.13 grams of fentanyl pills (hereinafter "Parcel 2") to MOTLEY in Akron, Ohio.

10. Between on or about December 14, 2021, and December 15, 2021, PAYNE tracked the shipping progress of "Parcel 2" by accessing a USPS website approximately 7 times.

11. On or about December 20, 2021, PORTERFIELD called the United States Postal Service customer service to inquire about the shipping status of "Parcel 2."

### "Parcel 3"

12. On or about January 13, 2022, a person unknown to the Grand Jury mailed a parcel that contained fentanyl pills (hereinafter "Parcel 3") to S.R. in Akron, Ohio.

13. Between on or about January 13, 2022, and January 15, 2022, MOTLEY tracked the shipping progress of "Parcel 3" by accessing a USPS website approximately 9 times.

14. On or about January 15, 2022, at approximately 6:44 p.m. JACKSON called MOTLEY and said, "all right well I was calling to let you know that that um, s--t had came through but go on ahead and you feel me, take care of yourself and get yourself together and all of that, and soon as you um shit as soon as you ready it's on the flow." Later in the call, JACKSON stated, "I'ma go ahead and get them motherf---ers gone but you know I can't trust nobody else with my chicken [money] besides you so I'm gonna um shit I'm gonna have somebody give you all the bread [drug proceeds] man…"

15. On or about January 16, 2022, a person unknown to the Grand Jury moved "Parcel 3" from S.R.'s residence to PORTERFIELD's residence.

16. On January 16, 2022, at approximately 11:06 a.m., JACKSON called PAYNE. PAYNE said, "Hey I don't think it's a smart i…smart idea…I think you should keep Sassy [PORTERFIELD] and Shay [S.R.] away." PAYNE went on to explain, "cuz if you know how Shay Shay [S.R.] is right…I know you all don't got nothing going on, but when you all talk or whatever the case may be, mother---ers [unintelligible] wrong idea, you feel like you know how Shay Shay [S.R.] is, then just keep it all the way cordial and let K.G. do that transfer, just let Shay Shay [S.R.] be the ad, addy [delivery address]." Later during the call, PAYNE reiterated, "all right I'm just saying, be smart on that side, don't be too anxious and [unintelligible] jeopardize anything, you feel me? This is a good addy [delivery address], that's a good person that you got over there, Sassy [PORTERFIELD], it's like the middleman should be K.G."

17. On January 16, 2022, at approximately 12:49 p.m., JACKSON called PORTERFIELD and said, "whenever Dada give you that money, can you put all of it inside your account for me…or matter of fact, um, whatev, out of whatever he give you, put a thousand in your account and keep the rest in cash, all right?" PORTERFIELD replied, "Okay." JACKSON then added, "but uh, I'll explain it to you I don't want to keep talking over this thing…" Later, during the same call, JACKSON stated, "Well um, whenever you, it's 2,000 of them, right? Are you doing… do you feel like counting out a thousand [pills] once you get home?" PORTERFIELD replied, "That's fine." JACKSON then advised, "All right yeah count out a thousand of them [pills] give it to um, tell Dada to come on grab these, I'ma get, I'ma get it understood what he supposed to be giving you, between me and him he just gonna pull up with

the bread [money] for you and shit, and them other ones um we can worry about that later on." PORTERFIELD stated, "Okay."

18. On January 16, 2022, at approximately 5:32 p.m., JACKSON called PORTERFIELD. PORTERFIELD said, "Don't kill me, I think I shorted old girl too [laughs]." JACKSON asked, "Why you say that?" PORTERFIELD explained, "because after I was counting them, there was two left, so I'm like all right f--k it I'm just going to go ahead and count the whole other bag, and I counted that one and I think it add up, but you know, counting to a thousand is a long time."

### "Parcel 4"

19. On or about February 3, 2022, PAYNE placed approximately 105.06 grams of fentanyl pills into a parcel (hereinafter "Parcel 4").

20. On or about February 3, 2022, a person unknown to the Grand Jury mailed "Parcel 4" to S.R. in Akron, Ohio.

21. On or about February 4, 2022, at approximately 1:24 a.m., JACKSON called PAYNE, and asked, "You talk to Shay Shay [S.R.]? PAYNE replied, "yeah a little bit earlier." JACKSON then asked, "That's where it's going?" PAYNE replied, "Yeah" and then asked "is you still having her do that?" JACKSON replied "Um, yeah."

6

COUNT 2
(Attempted Possession with Intent to Distribute Fentanyl,
21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B))

The Grand Jury further charges:

22.  On or about November 24, 2021, in the Northern District of Ohio, Eastern Division, Defendants STEPHEN A. REDD and JARMANE L. KING did knowingly and intentionally attempt to possess with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B).

COUNT 3
(Attempted Possession with Intent to Distribute Fentanyl,
21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

23.  On or about November 24, 2021, in the Northern District of Ohio, Eastern Division, Defendants ARRION Z. MOTLEY did knowingly and intentionally attempt to possess with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(C).

COUNT 4
(Attempted Possession with Intent to Distribute Fentanyl,
21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B))

The Grand Jury further charges:

24.  On or about December 11, 2021, in the Northern District of Ohio, Eastern Division, Defendants SEDALE L. JACKSON did knowingly and intentionally attempt to possess with the intent to distribute 40 grams or more of a mixture or substance containing a

7

detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B).

## COUNT 5
(Attempted Possession with Intent to Distribute Fentanyl,
21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

25.     On or about December 11, 2021, in the Northern District of Ohio, Eastern Division, Defendants KENDRA R. PAYNE, and ARRION Z. MOTLEY did knowingly and intentionally attempt to possess with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(C).

## COUNT 6
(Possession with Intent to Distribute Fentanyl,
21 U.S.C. §§ 841(a)(1) and (b)(1)(B))

The Grand Jury further charges:

26.     On or about January 13, 2022, in the Northern District of Ohio, Eastern Division, Defendants SEDALE L. JACKSON did knowingly and intentionally possess with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 7
(Possession with Intent to Distribute Fentanyl,
21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

27.     On or about January 13, 2022, in the Northern District of Ohio, Eastern Division, Defendants KENDRA R. PAYNE, ONEISHA P. PORTERFIELD and ARRION Z. MOTLEY

8

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 8
(Attempted Possession with Intent to Distribute Fentanyl,
21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B))

The Grand Jury further charges:

28.     On or about February 3, 2022, in the Northern District of Ohio, Eastern Division, Defendants SEDALE L. JACKSON did knowingly and intentionally attempt to possess with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B).

## COUNT 9
(Attempted Possession with Intent to Distribute Fentanyl,
21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

29.     On or about February 3, 2022, in the Northern District of Ohio, Eastern Division, Defendants KENDRA R. PAYNE did knowingly and intentionally attempt to possess with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(C).

## FORFEITURE

The Grand Jury further charges:

30.     For the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, the allegations of Counts 1 through 9 are incorporated herein by reference. As a

result of the foregoing offenses, defendants SEDALE L. JACKSON, KENDRA R. PAYNE, STEPHEN A. REDD, JARMANE L. KING, ONEISHA P. PORTERFIELD, ARRION Z. MOTLEY, shall forfeit to the United States any and all property constituting, or derived from, any proceeds they obtained, directly or indirectly, as the result of such violations; and any and all of their property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.